UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JORGE FEBRES | Case No.: 8:20-cv-1364 |
| Plaintiff, | |
| v. | |
| THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC. | |
| Defendants. | |

## - <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u> -

Plaintiff JORGE FEBRES by and through the undersigned counsel, hereby files this Complaint against the above-named Defendants, THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC.

## NATURE OF THE CASE

1. This is an action brought by Plaintiff JORGE FEBRES, (hereafter "Plaintiff") against his former employers, Defendants THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC. (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiff's employment, Plaintiff performed work for Defendants in excess of forty hours in a workweek for which he was not compensated at one-and-a-half times his regular rate of pay.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction conferred by 29 U.S.C. §
216(b) and 28 U.S.C. § 1331.

4.      Venue is proper in the Tampa Division of the Middle District of Florida
pursuant Local Rule 1.02 of the Local Rules of the Middle District of
Florida. Hillsborough County has the greatest nexus with the cause
because it where Plaintiff provided services and Defendants conducted
business.

**PARTIES**

5.      Plaintiff JORGE FEBRES, a resident of Hillsborough County, was a
former employee of Defendants who worked THAYNE ADAMS FOOD,
INC. and DUNYA FOOD, INC. located in Hillsborough County.

6.      Defendants THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC.
operate supermarkets.

7.      Defendant DUNYA FOOD, INC. operates Mega Supermarket in Tampa.

8.      Mega Supermarket is a fictitious name owned by DUNYA FOOD, INC.

9.      Defendant THAYNE ADAMS FOOD, INC. operates Village Meats and
Market in Tampa.

10.     Village Meats & Market is a fictitious name owned by THAYNE ADAMS
FOOD, INC.

11.   Defendants THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC. are corporations organized and existing under and by virtue of the laws of Florida.

12.   Defendants THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC. have interrelated operations and share materials and personnel.

13.   Ali Jaber is the President of THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC.

14.   Defendants THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC. have common ownership and control.

15.   Defendants THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC. are joint employers.

**COVERAGE**

16.   Defendants THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC. are enterprises engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

17.   Defendants THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC. are engaged in the supermarket industry, and are thus engaged in interstate commerce, *inter alia*, by working on or otherwise handling goods moving in interstate commerce, and purchasing food and supplies manufactured outside the state of Florida, which cross state lines in the flow of commerce. Defendants sell food and supplies in the

stream of commerce and accept payment from customers through credit cards and checks from banks located outside the state of Florida.

18. Defendants also host one or more websites and/or Facebook pages viewed by potential customers across state lines, and send faxes, emails, and other communications across state lines.

19. Upon information and belief, THAYNE ADAMS FOOD's annual gross volume of sales exceeded $500,000/year at all relevant times.

20. Upon information and belief, DUNYA FOOD's annual gross volume of sales exceeded $500,000/year at all relevant times.

21. Defendants THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC. are employers within the definition of the FLSA, 29 U.S.C. § 203.

22. During the term of his employment, Plaintiff JORGE FEBRES was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

23. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

24. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

**FACTUAL BACKGROUND**

25. Plaintiff JORGE FEBRES was employed by Defendants THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC. from April 2017 to February 2019.

26.     Plaintiff originally worked at Mega Supermarket (operated by DUNYA FOOD, INC.) and later was transferred to Village Meats & Market (operated by THAYNE ADAMS FOOD, INC).

27.     Plaintiff held a butcher position at the time of separation.

28.     Plaintiff's duties included cutting meats and helping customers.

29.     Plaintiff was paid a salary of $550.00 a week.

30.     During his employment with Defendants, Plaintiff was non-exempt.

31.     Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

32.     Plaintiff worked more than forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

33.     Plaintiff JORGE FEBRES worked an average of 56 hours a week but was not paid overtime compensation.

34.     Considering Plaintiff's work hours, duties, schedule, and salary, Defendants THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC. were aware that Plaintiff was working over forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

35.     Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

36.     Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is unknown at this time.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

37.     Plaintiff JORGE FEBRES re-alleges and incorporates the allegations contained in Paragraphs 1 through 36 above.

38.     Defendants THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC. failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

39.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

40.     As a result of Defendants' willful violation of the FLSA, Plaintiff JORGE FEBRES is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JORGE FEBRES respectfully requests judgment against Defendants THAYNE ADAMS FOOD, INC. and DUNYA FOOD, INC., and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

    c.   Pre-judgment interest;

    d.   Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

    e.   Such further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

41.    Plaintiff requests a jury trial to the extent authorized by law.


Dated: June 12, 2020.                    Respectfully submitted,


**CYNTHIA GONZALEZ P.A.**
3980 Tampa Rd.
Suite 205
Oldsmar, Florida 33677
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 813.603.4500
WagesDue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com